IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON SCUTT,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN NORTON; CARRIE JOHNSON aka NORTON,<br><br>Defendants. | CIVIL NO. 21-00280 JAO-KJM<br><br>ORDER (1) DISMISSING FIRST AMENDED COMPLAINT; (2) DENYING IFP APPLICATION; AND (3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL |

**ORDER (1) DISMISSING FIRST AMENDED COMPLAINT;
(2) DENYING IFP APPLICATION; AND (3) DENYING REQUEST
FOR APPOINTMENT OF COUNSEL**

Before the Court is pro se Plaintiff Jason Scutt's ("Plaintiff") Application to

Proceed In Forma Pauperis ("IFP Application" or "Application") and Request for

Appointment of Counsel, filed June 21, 2021.  ECF Nos. 3, 4.  For the following

reasons, the Court DISMISSES the Complaint with leave to amend, and DENIES

without prejudice the IFP Application and Request for Appointment of Counsel.

**BACKGROUND**

This Fair Housing Act ("FHA")[1] action concerns Defendants Martin and

Carrie Norton's (collective, "Defendants") alleged mistreatment of Plaintiff when

---

[1] Plaintiff identifies Title VIII of the Civil Rights Act of 1968 as the statute at
issue in this case.  Title VIII is also known as the FHA.  *See United States v. Cal.*

she rented an "illegal structure" on their property from July 29, 2020 to January 15, 2021. Plaintiff claims that Defendants harassed her and used slurs targeting her religion and gender. ECF No. 1 at 6; ECF No. 1-1.

Plaintiff requests a minimum of $100,000 in exemplary and punitive damages for moving costs, security deposit, stolen property, and harassment/hate speech. ECF No. 1 at 5.

## DISCUSSION

**I.**     **Dismissal of the Complaint under the In Forma Pauperis Statute — 28 U.S.C. § 1915(e)(2)**

Plaintiff seeks leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and shall dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading

---

*Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1376 (9th Cir. 1997) (identifying Title VIII as the FHA).

standard as it does in the context of an FRCP 12(b)(6) motion to dismiss.  *See*

*Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the

court's jurisdiction" and "a short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(1)–(2).  Although the Federal

Rules adopt a flexible pleading policy, a complaint must give fair notice and state

the elements of the claim plainly and succinctly.  *See Jones v. Cmty. Redev.*

*Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  "The Federal Rules require that

averments 'be simple, concise and direct.'"  *McHenry v. Renne*, 84 F.3d 1172,

1177 (9th Cir. 1996).  FRCP 8 does not demand detailed factual allegations.

However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-

me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  *Id.* (citation omitted)  "[A] complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)); *see Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations

omitted).  A claim is plausible "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Ashcroft*, 556 U.S. at 678 (citation omitted).

Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("If a pro se complaint is dismissed for failure to state a claim, the court must 'freely grant leave to amend' if it is 'at all possible' that the plaintiff could correct pleading deficiencies by alleging different or new facts." (citation omitted)).

In the present case, even construing Plaintiff's FAC liberally, *Bernhardt v. Los Angeles County.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate because the Complaint fails to state a claim upon which relief can be granted.

The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex,

familial status, or national origin." 42 U.S.C. § 3604(b).[2]  The Ninth Circuit

applies the Title VII discrimination analysis in evaluating FHA claims.  *See Harris*

*v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) (citation omitted).  FHA

discrimination claims may be established "under a theory of disparate treatment or

disparate impact."  *Id.* (citation omitted).  To state a prima facie case of disparate

treatment, Plaintiff must allege that (1) her rights are protected under the FHA and

(2) she suffered a distinct and palpable injury as a result of Defendants'

discriminatory conduct.  *See id.*

As a preliminary matter, it is unclear that Plaintiff may pursue an FHA

action against Defendants.  Under 42 U.S.C. § 3603(b)(1), single-family homes

rented by an owner are exempted from § 3604(b):

> *Provided*, That such private individual owner does not own more
> than three such single-family houses at any one time: *Provided
> further*, That in the case of the sale of any such single-family
> house by a private individual owner not residing in such house at
> the time of such sale or who was not the most recent resident of
> such house prior to such sale, the exemption granted by this
> subsection shall apply only with respect to one such sale within
> any twenty-four month period: *Provided further*, That such bona
> fide private individual owner does not own any interest in, nor is
> there owned or reserved on his behalf, under any express or
> voluntary agreement, title to or any right to all or a portion of the
> proceeds from the sale or rental of, more than three such single-
> family houses at any one time: *Provided further*, That after
> December 31, 1969, the sale or rental of any such single-family
> house shall be excepted from the application of this subchapter

---

[2]  Plaintiff does not provide the subsection upon which she relies, but subsection
(b) is most closely aligned with her allegations.

only if such house is sold or rented (A) without the use in any manner of the sales or rental facilities or the sales or rental services of any real estate broker, agent, or salesman, or of such facilities or services of any person in the business of selling or renting dwellings, or of any employee or agent of any such broker, agent, salesman, or person and (B) without the publication, posting or mailing, after notice, of any advertisement or written notice in violation of section 3604(c) of this title; but nothing in this proviso shall prohibit the use of attorneys, escrow agents, abstractors, title companies, and other such professional assistance as necessary to perfect or transfer the title.

42 U.S.C. § 3603(b)(1). If Defendants rented Plaintiff a structure or unit on their property and the foregoing requirements also apply, Defendants are not subject to § 3604's prohibitions.

Moreover, Plaintiff's conclusory allegations regarding Defendants' conduct insufficiently demonstrate that they caused the purported harm *because of* her gender or religion, or any other protected ground. Indeed, many of the incidents summarized in Exhibit A to the Complaint appear to be general landlord-tenant disputes, unrelated to Plaintiff's gender or religion. The Court accordingly DISMISSES Plaintiff's FHA claim. Because there is a possibility that Plaintiff can cure these deficiencies, she is granted leave to amend this claim.

Any amended complaint — which should be titled "First Amended Complaint" — must be filed by **July 22, 2021** and must cure the deficiencies identified above; that is, Plaintiff must provide sufficient facts and law and should comply with all rules governing pleadings. Plaintiff may not add new parties or

6

claims without obtaining leave of court through a formal motion. Moreover, Plaintiff is advised that Local Rule 10.4 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." Local Rule 10.4. As a general rule, an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, if Plaintiff files an amended complaint, the Complaint no longer serves any function in the case, and any claims that are not included in the amended complaint may be deemed waived. *See id.* at 928.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

## II.    IFP Application

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. *See* 28 U.S.C. § 1915(a)(1); *see also* 42 U.S.C. § 3613(b)(2) (authorizing "the commencement or continuation of a civil action [for a discriminatory housing practice] without the payment of fees, costs, or security, if in the opinion of the court such person is financially unable to bear the costs of such action"). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of

life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'"  *Id.* (citation omitted).

Plaintiff's IFP Application is incomplete.  She indicates that she receives business income, gift money from family, food stamps, and wages totaling approximately $600 in 2021, with approximately $10,000 anticipated by year's end.  ECF No. 3 at 1.  However, the Application requires her to describe sources of identified money, amounts received, and the amounts she expects to receive in the future.  *Id.*  To comply, Plaintiff must provide the amounts of money she has received for each source of income.  And as the Court has pointed out in another case involving Plaintiff, she improperly uses the "greater than" symbol in response to inquiries.  *See*, *e.g.*, ECF No. 3 at ¶ 4 (disclosing ">$2500" in cash or in a checking/savings account).  Precise dollar amounts must be provided, not the minimum amount.

The Court further questions the veracity of the information provided because there are discrepancies between the Application and Plaintiff's representations in the Request for Appointment of Counsel.  The Court cannot determine whether Plaintiff is sufficiently impoverished to qualify for IFP status without complete,

correct information. Accordingly, the Court DENIES the IFP Application without prejudice. If Plaintiff elects to file an amended pleading, she must concurrently file an IFP Application that fully and accurately responds to all questions *or* she must pay the applicable filing fee. If she fails to do so, this action will be automatically dismissed.

## III.    Appointment of Counsel

Plaintiff additionally requests appointment of counsel.[3] "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, a court may exercise its discretion and appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) in "exceptional circumstances." *Id.*; *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).[4] A finding of "exceptional circumstances" requires a court to consider the likelihood of the plaintiff's success on the merits and whether the plaintiff is able to articulate his or her claims "in light of the complexity of the legal issues involved." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (citation omitted);

---

[3] Plaintiff utilized the form request for appointment of counsel under the Civil Rights Act of 1964, but it is inapplicable here because this is not an employment discrimination action.

[4] The FHA also authorizes courts to appoint an attorney for "a person alleging a discriminatory housing practice or a person against whom such a practice is alleged." *See* 42 U.S.C. § 3613(b)(1).

*Agyeman*, 390 F.3d at 1103.  These factors must be considered cumulatively; none are dispositive.  *See Cano*, 739 F.3d at 1218 (citation omitted).

Plaintiff has not presented any extraordinary circumstances warranting the appointment of counsel, and the Court finds that there are none.  For the reasons explained herein, the Court is dismissing the Complaint for failure to state a claim; therefore, Plaintiff has not shown a likelihood of success on the merits.  Pro se litigants frequently confront challenges but are able to adequately litigate their actions.  Plaintiff is a frequent filer in this district, demonstrating her ability to proceed pro se.  Thus, no exceptional circumstances exist to warrant appointment of counsel at this time.  Plaintiff's Request for Appointment of Counsel is therefore DENIED without prejudice.

## CONCLUSION

For the reasons stated herein, the Court:  (1) DISMISSES the Complaint with leave to amend and (2) DENIES without prejudice the IFP Application and Request for Appointment of Counsel.  If Plaintiff elects to file an amended complaint, she must comply with the following requirements:

(1)   Plaintiff's deadline to file an amended complaint is **July 22, 2021**;

(2)   Plaintiff's amended complaint should be titled "First Amended Complaint"; and

(3)   Plaintiff must cure the deficiencies identified above and may only amend as directed.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order and concurrently file another IFP Application *or* submit the filing fee will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, June 22, 2021.



Jill A. Otake
United States District Judge

CV 21-00280 JAO-KJM; *Scutt v. Norton*; ORDER (1) DISMISSING FIRST AMENDED COMPLAINT; (2) DENYING IFP APPLICATION; AND (3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL

11