IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON SCUTT,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MARTIN NORTON; CARRIE JOHNSON aka KAREN NORTON,<br><br>　　　　Defendants. | CIVIL NO. 21-00280 JAO-KJM<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS |

**ORDER DENYING PLAINTIFF'S APPLICATION
TO PROCEED IN FORMA PAUPERIS**

Before the Court is pro se Plaintiff Jason Scutt ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application"), filed July 25, 2021. ECF No. 14. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not required to obtain benefits under

the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

According to the information provided by Plaintiff, she has not demonstrated entitlement to proceed in forma pauperis. In the past year, Plaintiff's income totaled approximately $29,909.94. Plaintiff claims that her monthly expenses are $3,750,[1] $2,000 of which she attributes to "groceries, medical, other." It is unclear what proportion of this sizeable amount of money goes towards groceries. However, it is noteworthy that Plaintiff receives $470/month in food stamps. Plaintiff also has $2,599.11 in a personal bank account and $4,949.94 in a business bank account.[2]

While not dispositive, Plaintiff's income far exceeds the poverty threshold for a one-person household in Hawai'i, which is currently $14,820.00. *See* Annual Update of the HHS Poverty Guidelines, 86 Fed. Reg. 7732-0185 (Feb. 1, 2021). Factoring the $7,594.05 balance in the bank, and Plaintiff's expenses, the Court concludes that Plaintiff has not sufficiently demonstrated that she lacks the

---

[1] Plaintiff also includes her monthly business overhead in her expenses but because she also factored them into her income, the Court does not include them again here.

[2] The latter amount was included as a part of Plaintiff's net business income for the past year.

financial resources to pay the filing fee.  This is true even if the business bank account balance is deducted from Plaintiff's income.

In assessing Plaintiff's ability to proceed, the Court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).  That said, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Id.* (citations omitted); *see also Upton v. Comm'r of Soc. Sec. Admin.*, Case No.: 20cv325-NLS, 2020 WL 886623, at *2 (S.D. Cal. Feb. 24, 2020).  Plaintiff is becoming a serial filer in this district, having filed eight lawsuits — starting in January 2020 — before commencing this case.  Because Plaintiff has adequate personal funds, federal funds should not be used to underwrite her continuing grievances against different defendants based on similar allegations.

For these reasons, the Court DENIES Plaintiff's IFP Application.  Plaintiff must pay the applicable filing fee by **August 9, 2021**.  Failure to do so will result in the dismissal of this action.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, July 26, 2021.



Jill A. Otake
United States District Judge

CV 21-00280 JAO-KJM; *Scutt v. Norton.*; ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS